| | |
|---|---|
| 1 | MARK D. ROSENBAUM (SBN 59940) |
| | mrosenbaum@publiccounsel.org |
| 2 | WILBERT H. WATTS (SBN 228350) |
| | wwatts@publiccounsel.org |
| 3 | DEEPIKA SHARMA (SBN 256589) |
| | dsharma@publiccounsel.org |
| 4 | SARAH E. TRUESDELL (SBN 258642) |
| | truesdell.publiccounsel@gmail.com |
| 5 | ALISA L. HARTZ (SBN 285141) |
| | ahartz@publiccounsel.org |
| 6 | PUBLIC COUNSEL |
| | 610 S. Ardmore Avenue |
| 7 | Los Angeles, California 90005 |
| | Telephone: (213) 385-2977 |
| 8 | Facsimile: (213) 385-9089 |
| 9 | *Attorneys for Plaintiffs* |
| 10 | THOMAS H. CITRON (SBN 182142) |
| | thomas.citron@citronlaw.com |
| 11 | KATHERINE A. TATIKIAN (SBN 142665) |
| | katherine.tatikian@citronlaw.com |
| 12 | CITRON & CITRON |
| | 3420 Ocean Park Blvd., Suite 3030 |
| 13 | Santa Monica, CA 90405 |
| | Telephone: (310) 450-6695 |
| 14 | Facsimile: (310) 450-3851 |
| 15 | *Attorneys for Defendants* |
| 16 | *Additional counsel listed following caption* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CORNELIA MARTINEZ, an individual; *et al.*, | Case No.: 2:16-cv-08598-SVW MRWx |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | Hon. Stephen V. Wilson |
| OPTIMUS PROPERTIES, LLC, a California corporation; *et al.*, | Hon. Michael R. Wilner |
| Defendants. | |

MATTHEW E. SLOAN (SBN 165165)
matthew.sloan@skadden.com
EMILY LUDMIR AVIAD (SBN 251995)
emily.aviad@skadden.com
DANIEL O. BLAU (SBN 305008)
daniel.blau@skadden.com
ROSS M. CUFF (SBN 275093)
ross.cuff@skadden.com
RACHAEL T. SCHIFFMAN (SBN 292005)
rachael.schiffman@skadden.com
ANTONIETA M. PIMIENTA (SBN 304105)
antonieta.pimienta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

CHRISTOPHER BRANCART (SBN 128475)
cbrancart@brancart.com
BRANCART & BRANCART
8205 Pescadero Road
Loma Mar, California 94021
Telephone: (650) 879-0141
Facsimile: (650) 879-1103

ANNE P. BELLOWS (SBN 293722)
abellows@publicadvocates.org
PUBLIC ADVOCATES INC.
131 Steuart Street, Suite 300
San Francisco, California 94105
Telephone: (415) 431-7430
Facsimile: (415) 431-1048

*Attorneys for Plaintiffs*

BARRY J. REAGAN (SBN 156095)
reagan@srllplaw.com
SLAUGHTER, REAGAN & COLE, LLP
625 East Santa Clara Street, Suite 101
Ventura, CA 93001
Telephone: (805) 658-7800;
Facsimile: (805) 644-2131

*Attorneys for Defendants*

1. INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or highly confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. This protective order is a qualified protective order pursuant to 45 C.F.R. § 164.512(e)(v).

    1.2    GOOD CAUSE STATEMENTS

    (a)    Plaintiffs' Statement Of Good Cause

    Plaintiffs – tenants and two advocacy organizations – sue defendants, owners and operators of apartment buildings in the Koreatown neighborhood of Los Angeles, alleging that defendants engaged in a pattern or practice of housing discrimination in violation of the federal Fair Housing Act and several state statutes. Defendants' discovery in this action will concern plaintiffs' households and tenancies, which may implicate personal information about their employment and housing, thus potentially compromising plaintiffs' privacy rights. Such information therefore warrants CONFIDENTIAL treatment.

Plaintiffs also anticipate the disclosure of protected health information subject to the Health Insurance Portability and Accountability Act (45 C.F.R. § 164) ("HIPAA"). Several plaintiffs allege that they are disabled. Defendants may seek discovery regarding their disabilities, including communications with employees of HIPAA-covered providers regarding their health and housing. Information covered by HIPAA warrants heightened protection. The disclosure of a plaintiff's HIPAA-protected medical information violates the plaintiff's privacy, threatens his or her ongoing treatment, and could put his or her health and economic future at risk. Moreover, there could be civil or criminal penalties for a medical entity that discloses HIPAA-covered materials. Such information therefore warrants HIGHLY CONFIDENTIAL treatment.

(b) Defendants' Statement Of Good Cause

Plaintiffs' discovery in this action has to date included more than 134 Requests for Production of Documents which contain Defendants' "HIGHLY CONFIDENTIAL" documents and information, including Private, Proprietary, Business and Financial Information and Trade Secrets of Defendants and third parties including other tenants, employees and vendors. Many of the documents and information are not discoverable in this action as they are not within the "Discovery Scope and Limits," mandated by *Federal Rule of Civil Procedure* 26(b). In addition, many of those documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine, and other applicable privileges and protections. However, other "HIGHLY CONFIDENTIAL" documents and information may be discoverable. Federal Courts have repeatedly determined that private, proprietary, business and financial information and trade secrets are "HIGHLY CONFIDENTIAL." See, e.g., *Corporate Express Office Products, Inc. v. Martinez*, 2002 WL 31961458, at *2 (C.D. Cal. 2002) (proprietary business and financial information determined to be "highly confidential"); *Tonnemacher v. Sasak*, 155 F.R.D. 193, 195 (D. Ariz. 1994) (business' internal manuals are "highly

confidential" and proprietary trade secrets). Good cause exists to provide additional protections for this "HIGHLY CONFIDENTIAL" information and documents.

(c) Joint Statement of Good Cause

Accordingly, the parties stipulate to a two-tiered system of designation, enabling parties to designate documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the requirements of Federal Law. For the above-stated reasons, there is good cause to enter this stipulated protective order.

2. DEFINITIONS

2.1 Action: United States District Court, Central District of California, Case No. 2:16-cv-08598-SVW-MRW, which involves Plaintiffs who reside in the apartment buildings located at 1423 South Magnolia Avenue, 837 South Normandie Avenue, 238 South Mariposa Avenue, 756 South Normandie Avenue, and 250 South Kenmore Avenue, in Los Angeles, and, as required by Judge Wilson's order (ECF 47), the related actions involving those same buildings, which are *Martinez, et al. v. Optimus Properties, et al.*, No. 2:17-cv-03581 (1423 S. Magnolia); *Ramos, et al. v. Optimus Properties, et al.,* No. 2:17-cv-03582 (756 S. Normandie); *Escamilla, et al. v. Optimus Properties, et al.,* No. 2:17-cv-03583 (250 S. Kenmore); *Allen, et al. v. Optimus Properties, et al.,* No. 2:17-cv-03584 (837 S. Normandie); and *Rivera, et al. v. Optimus Properties, et al.,* No. 2:17-cv-03585 (238 S. Mariposa); as well as the related action of *Guerrero, et al. v. Optimus Properties, et al.*, No. 2:17-cv-03586 (401 S. Kenmore).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information and documents (regardless of how they are generated, stored or maintained) or tangible things that qualify for protection under federal law, including but not limited to *Federal Rule of*

*Civil Procedure* 26(c), and as specified above in the Good Cause Statement, but which do not qualify as "HIGHLY CONFIDENTIAL" Information or Items.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

2.6 <u>Disclosure or Discovery Material</u>: all items, documents and information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party and/or a Party's counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as "HIGHLY CONFIDENTIAL" under federal law and as specified above in the Good Cause Statement.

2.9 <u>House Counsel</u>: attorneys who are employees of a party named in this Action. House Counsel does not include Outside Counsel of Record.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who (1) are not employees or principals of a party named in this Action, (2) are retained to represent or advise a Party, and (3) have appeared in this Action on behalf of that Party, subsequently appear in this action pursuant to an Association of Counsel, or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

6
[PROPOSED] STIPULATED PROTECTIVE ORDER

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "Confidentiality Legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party either:

(1) identify the Protected Material on the record, before the close of the deposition; or

(2) identify those portions of the transcript constituting Protected Material within 7 days of receipt of the deposition transcript.

In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Protected Material shall be separately

bound by the court reporter, who must affix to the top of each page the appropriate Confidentiality Legend, as instructed by the Designating Party.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to properly designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the

8
[PROPOSED] STIPULATED PROTECTIVE ORDER

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) the Court and its personnel;

    (d) court reporters and their staff;

    (e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action ;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) Before any "CONFIDENTIAL" Information or Items are disclosed to the persons identified above in Paragraphs 7.2(e)-(i), such persons shall sign a copy of the Acknowledgment and Agreement to Be Bound ("Acknowledgement") attached as Exhibit A. Outside Counsel shall retain the original copies of the executed Acknowledgement forms.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Court and its personnel;

(c) court reporters and their staff;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the Acknowledgement attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(i) Before any "HIGHLY CONFIDENTIAL" Information or Items are disclosed to the persons identified above in Paragraphs 7.3(d)-(h), such persons shall be provided with, and shall execute, a copy of the Acknowledgment attached as Exhibit A. Outside Counsel shall retain the original copies of the executed Acknowledgement forms.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to documents and information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the documents and/or information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

(d) If the Non-Party's Protected Material also constitutes a Party's Protected Material, that Party may designate that Protected Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all other Parties of that designation within 14 days of receiving notice of the Non-Party's Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information, document or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the information, document or item or other material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days of the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 24, 2017                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Matthew E. Sloan*
Matthew E. Sloan
Emily Ludmir Aviad
Daniel O. Blau
Ross M. Cuff
Rachael T. Schiffman
Antonieta M. Pimienta

Dated: May 24, 2017                 PUBLIC COUNSEL

*/s/ Deepika Sharma*
Anne K. Richardson
Deepika Sharma
Sarah E. Truesdell

Dated: May 24, 2017                 BRANCART & BRANCART

*/s/ Christopher Brancart*
Christopher Brancart

Dated: May 24, 2017                 PUBLIC ADVOCATES INC.

*/s/ Anne P. Bellows*
Anne P. Bellows

*Attorneys for Plaintiffs*

Dated: May 24, 2017                 CITRON & CITRON ATTORNEYS AT LAW

*/s/ Thomas H. Citron*
Thomas H. Citron
Katherine Tatikian

Dated: May 24, 2017                 SLAUGHTER, REAGAN & COLE, LLP

*/s/ Barry J. Reagan*
Barry J. Reagan

*Attorneys for Defendants*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 25, 2017

HON. MICHAEL R. WILNER
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert case name and number]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____